**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DARWIN STEINBECK ALEMAN LOPEZ,**

**Petitioner and Plaintiff,**

**v.** **Case No. 8:26-cv-2110-MSS-TGW**

**GARRETT J. RIPA, *et al.*,**

**Respondents and Defendants.**
________________________________/

**O R D E R**

Lopez, a Honduran citizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a complaint for declaratory, injunctive, and mandamus relief. (Doc. 1) In the petition and the complaint, Lopez alleges that, in 2017, when he was fourteen, his father unlawfully brought him to the United States through the border in Texas. (Doc. 1 at 5) The United States Immigration and Customs Enforcement arrested Lopez and his father near the border. (Doc. 1 at 59) A few days after the arrest, ICE released Lopez and his father with directions to report to an ICE field office in Harlingen, Texas. (Doc. 1 at 66–69) Lopez alleges that, on March 13, 2018, an immigration judge in Texas entered an order of removal in absentia against him because he failed to appear at a hearing. (Doc. 1 at 6)

Lopez alleges that he continued to live in the United States since his arrival in Texas. (Doc. 1 at 6) In 2024, Lopez married a United States citizen in Hillsborough County, Florida. (Doc. 1 at 46) After he was married, Lopez's wife filed a petition for

Lopez to obtain lawful status, and on April 10, 2026, the United States Citizenship and Immigration Services directed Lopez's wife to appear at a USCIS office in Tampa, Florida, for an interview. (Doc. 1 at 51–52) Lopez alleges that, on May 15, 2026, when Lopez appeared with his wife for the interview, ICE agents arrested Lopez on the order of removal. (Doc. 1 at 7) On the same day as the arrest, USCIS granted the petition filed by Lopez's wife. (Doc. 1 at 8)

On May 15, 2026, counsel for Lopez filed a motion to re-open the removal proceedings in the immigration court in Texas. (Doc. 1 at 34–38) The filing of the motion to re-open the removal proceedings automatically stayed the order of removal until an immigration judge ruled on the motion. 8 C.F.R. § 1003.23(b)(4)(ii). On May 15, 2026, counsel for Lopez submitted to ICE an application for an administrative stay advising that Lopez planned to file the motion to re-open. (Doc. 1 at 73) 8 C.F.R. § 241.6. On May 22, 2026, an ICE officer accepted the application for an administrative stay and advised that Lopez was not scheduled for removal. (Doc. 1 at 8) However, the next day, ICE deported Lopez to Honduras. (Doc. 1 at 8) The Defendants and the Respondents acknowledged that the deportation violated the automatic stay and returned Lopez to the United States. (Docs. 7 at 3–5 and 12) On August 4, 2026, an immigration judge denied the motion to re-open. (Doc. 7-1) Counsel for Lopez appealed and filed a motion to stay the removal order while the appeal is pending. On October 13, 2026, an appellate immigration judge denied the motion to stay. (Doc. 15-1 at 2)

In Ground One of his petition, Lopez asserts that ICE violated the regulation requiring an automatic stay of an order of removal while a motion to re-open is pending by deporting him to Honduras after counsel filed the motion to re-open. (Doc. 1 at 25) In Ground Two, Lopez asserts that ICE violated his federal right to due process by deporting him to Honduras after an ICE officer accepted the application for an administrative stay and advised that Lopez was not scheduled for removal. (Doc. 1 at 25) In Ground Three, Lopez asserts that ICE violated his federal right to due process by deporting him, even though his motion to re-open and his wife's marriage application were pending. (Doc. 1 at 25) In Ground Four, Lopez asserts that his deportation to Honduras, which was contrary to the regulation requiring an automatic stay of an order of removal when a motion to re-open is pending, was ultra vires. (Doc. 1 at 26) Because the grounds in Lopez's petition challenge the deportation to Honduras, and because ICE acknowledged that the deportation was unlawful and returned Lopez to the United States, the claims for relief in these grounds are moot.

After returning Lopez to the United States, ICE resumed detaining Lopez. In a reply, Lopez demanded release from his new detention. (Doc. 14 at 2) He argued that release with conditions of supervision was justified because he lived in the United States for nine years, married a United States citizen, appealed the denial of his motion to re-open, and anticipated filing an application for an adjustment of status. (Doc. 14 at 2–3) He further requested an injunction prohibiting his removal until the Court rules on his petition. (Doc. 14 at 3–5) On October 16, 2026, ICE deported Lopez again to Honduras, after the appellate immigration judge denied his motion to stay. (Doc. 16)

Lopez was newly detained because an order of removal entered against him. (Doc. 13 at 3) Lopez learned about the order of removal in 2023. (Doc. 1 at 57) If an alien is ordered removed, ICE must detain the alien and deport the alien within ninety days of the order of removal becoming final. 8 U.S.C. § 1231(a)(1)(A) and (a)(2)(A). Consequently, Lopez was not entitled to release. *Clark v. Martinez*, 543 U.S. 371 (2005); *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Even if Lopez's marriage to his wife, who is a United States citizen, provided a defense to the deportation, this Court lacked jurisdiction to review a challenge to the execution of the removal order. 8 U.S.C. § 1252(g). *Camarena v. Director, Immigration and Customs Enforcement*, 988 F.3d 1268, 1273–74 (11th Cir. 2021). For the same reason, this Court lacked jurisdiction to stay the order of removal. *Camarena*, 988 F.3d at 1273–74. Lopez argues that he did not challenge the execution of the removal order and instead asserted a constitutional challenge to the order of removal itself. (Doc. 20 at 5–6) However, this Court also lacks jurisdiction to review a constitutional challenge to the order of removal. Lopez must seek relief in the Board of Immigration Appeals and the Eleventh Circuit Court of Appeals. 8 U.S.C. § 1229a(b)(5)(D). *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1340–41 (11th Cir. 2003). Because in this case Lopez requested both a halt in the removal proceedings and release from custody while he sought relief in the Board of Immigration Appeals (Docs. 14 at 1 and 20 at 11–12), Section 1252(g) barred the request. *Camarena*, 988 F.3d at 1272.

Accordingly, Lopez's petition (Doc. 1) for a writ of habeas corpus is **DISMISSED** as moot and for lack of jurisdiction. Lopez's request for an injunction

prohibiting his removal until the Court rules on his petition (Doc. 14 at 3–5) is **DENIED** as moot. The Clerk is **DIRECTED** to **TERMINATE** all pending motions and to **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on November 20, 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE